OPINION *Page 2 
 STATEMENT OF THE FACTS AND THE CASE {¶ 1} On July 18, 2005, Appellee, Tuscarawas Job and Family Services, filed a complaint for the temporary custody of Tylon McNab II (D.O.B. 12-16-1996) and Tehrin McDew alleging the children to be neglected and dependent (Case No. 05JN00403). Mother of the children is Appellant, Wendy Pease; Father of Tylon is Tylon McNab, I. At the adjudicatory hearing on September 7, 2005, Appellant admitted to an amended complaint for the dependency count and Appellee dismissed the neglect allegation. The children were placed in the temporary custody of a paternal relative.
 {¶ 2} In October 2005, Appellant consented to the terms of the case plan. She entered into a drug treatment program. Appellant suffers from cocaine addiction. After completion of the drug treatment program, Appellant had a relapse in January 2006. She entered a drug treatment program again. In June 2006, Tylon was placed in the temporary custody of Appellee.
 {¶ 3} On July 11, 2006, Appellant gave birth to Jacie Evans.[1]
Father is Clarence Evans, who is 70 years old. At birth, the child tested positive for illegal drugs. Appellee filed a complaint for temporary custody of the child, alleging the child was abused and dependent (Case No. 06JN00381). Jacie Evans was placed in foster care with her half-brother Tylon.
 {¶ 4} Thereafter, Appellant maintained a period of sobriety. As a result, the three children were returned to her custody under an order of protective supervision. In *Page 3 
April 2007, Appellant relapsed again. The three children were placed in the temporary custody of Appellee on April 24, 2007.
 {¶ 5} On May 24, 2007, Appellee filed a motion to modify its prior disposition regarding both cases. Appellee also requested that Tehrin McDew be placed in the legal custody of her father. The motion was granted upon the agreement of all the parties.
 {¶ 6} Appellant filed a motion for a six-month extension in case no. 06JN00381 involving Jacie Evans. A joint hearing was held on November 1, 2007 on Appellee's motion for permanent custody of both children. In its November 7, 2007 judgment entry, the trial court granted Appellee's motion for permanent custody of both children and denied Appellant's motion for an extension.
 {¶ 7} It is from these decisions Appellant now appeals.
 {¶ 8} Appellant raises two Assignments of Error. Appellant's first Assignment of Error relates to both children:
 {¶ 9} "I. THERE WAS NOT CLEAR AND CONVINCING EVIDENCE FOR THE TRIAL COURT TO FIND THAT THE MINOR CHILD COULD NOT AND SHOULD NOT BE PLACED WITH THE APPELLANT AND THAT IT WAS IN THE MINOR CHILD'S BEST INTEREST TO BE PLACED IN THE PERMANENT CUSTODY OF TUSCARAWAS COUNTY JOB AND FAMILY SERVICES."
 {¶ 10} Appellant raises the next Assignment of Error in relation to Jacie Evans:
 {¶ 11} "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO EXTEND TUSCARAWAS COUNTY JOB AND FAMILY SERVICES' TEMPORARY CUSTODY OF JACIE EVANS." *Page 4 
 I. {¶ 12} Appellant claims the trial court's decision to grant permanent custody to Appellee was not supported by clear and convincing evidence. We disagree.
 {¶ 13} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 14} Revised Code 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C.2151.414(A)(1) mandates the trial court schedule a hearing, and provide notice, upon filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.
 {¶ 15} Following the hearing, R.C. 2151.414(B)(1) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply:
 {¶ 16} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period *Page 5 
ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 17} "(b) The child is abandoned.
 {¶ 18} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 19} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 20} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.
 {¶ 21} In the case sub judice, the trial court found that in regards to Appellant, the children could not be placed with either parent within a reasonable time. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C.2151.414(E) exist, which includes:
 {¶ 22} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the *Page 6 
conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 23} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code;"
 {¶ 24} The issue in this case is Appellant's struggle with her drug addiction. Since Appellee's involvement with Appellant and her children began in 2005, Appellant has previously been in drug treatment two times and is now currently in treatment. (T. 40). Appellant has demonstrated that she is able to maintain sobriety for approximately six months. Id. But after her months of sobriety, Appellant has suffered at least three drug relapses. (T. 40). During these relapses, Appellant left her children alone overnight while she abused drugs. (T. 10-11). Appellant's fifteen-year-old daughter, Tehrin, was at home with the children in April 2007 during Appellant's latest relapse and contacted the appropriate authorities, but Tehrin has since been placed in the custody of her father.[2] (T. 10-11). Further, while Appellant claimed she successfully completed *Page 7 
her drug treatment program in 2006, Appellant's daughter, born on July 11, 2006, tested positive for drugs at birth. (T. 44).
 {¶ 25} Appellant is currently in drug treatment for the third time. (T. 40). Teresa Moncman, Appellant's case manager at Harbor House, testified that Appellant is scheduled to complete her third treatment program on time and has been active in her recovery. (T. 70). The trial court recognized that Appellant has appeared to have made progress in her recovery, she understood her addiction, and she was quick to accept full responsibility for her drug use without making excuses or blaming others for her decisions. (Judgment Entry, Nov. 7, 2007). The trial court further noted Appellant seemed very intelligent and could be capable of caring for her children if she stayed sober. Id.
 {¶ 26} The question then for the trial court was whether based on Appellant's previous relapses, would Appellant be able to maintain her sobriety? Based upon our review of the record, we find there was clear and convincing evidence to support the trial court's finding that the children could not be placed with Appellant within a reasonable time. The evidence demonstrated that Appellant has been provided with the appropriate case plan and has successfully completed drug treatment two previous times. But even with those services and her participation therein, Appellant still was unable to abstain from drug use and safely provide for her children.
 {¶ 27} The next determination is whether the trial court erred in concluding that a grant of permanent custody to Appellee was in the children's best interests. In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but *Page 8 
not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.
 {¶ 28} Upon review of the record, we find the trial court did not err in finding by clear and convincing evidence that the children should be placed in the permanent custody of Appellee. It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In re Mauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In re Awkal (1994), 95 Ohio App.3d 309, 316,642 N.E.2d 424.
 {¶ 29} Appellant's supervised visits with her children were successful. (T. 84). She interacted well with her children and acted appropriately. Id. The children's fathers have not have had any involvement with the children. (T. 54-55).
 {¶ 30} The custodial history of the children reflects Appellant's struggle with her drug addiction. Tylon McNab II, was removed from Appellant's custody in July 2005 and placed in a relative's temporary care. (T. 41-43). After problems arose with the placement, Tylon was returned to foster care in 2006. Id. He was returned to *Page 9 
Appellant's care in 2006, but after Appellant left him overnight in April 2007, Tylon was again removed to foster care. Id.
 {¶ 31} Tylon's sister, Jacie, was placed in foster care with Tylon at her birth in 2006. (T. 44). She too was returned to her mother's care in December 2006, but was removed to foster care in 2007. Id.
 {¶ 32} Tylon and Jacie have developed a close bond with each other. (T. 43-44). The current foster parents have indicated they are interested in adopting the children. (T. 45).
 {¶ 33} The Guardian ad Litem was present at the custody hearing. The GAL timely submitted a written report to the trial court recommending that motion for permanent custody be granted to Appellee. Significantly, the Guardian noted the children are very bonded with each other and in need of a stable environment. She also stated the children (Tehrin and Tylon) have many stories of Appellant missing for several days at a time; leaving the children to fend for themselves, unsupervised and to care for their baby sister Jacie.
 {¶ 34} Upon review, we find sufficient, competent and credible evidence in the record to support the trial court's finding by clear and convincing evidence, and find the trial court did not err in determining the best interests of the child was best served by terminating the parental rights and granting permanent custody to Appellee. *Page 10 
 II. {¶ 35} Appellant argues in her second Assignment of Error that the trial court erred in denying her motion to extend Appellee's temporary custody of Jacie Evans. We disagree.
 {¶ 36} The decision to grant or deny an extension of temporary custody is a discretionary one. See R.C. 2151.415(D)(1) and (2). Before a trial court is authorized to exercise that discretion, however, it must find, by clear and convincing evidence, that three things are true: "(1) that such an extension is in the best interests of the child, (2) that there has been significant progress on the case plan, and (3) that there is reasonable cause to believe that the child will be reunified with a parent or otherwise permanently placed within the period of extension"In re J.P.-M, 9th Dist. Nos. 23694, 23714, 2007-Ohio-5412
at ¶ 12 citing In re P.B., 9th Dist. No. 23276, 2006-Ohio-5419, at ¶ 36, citing R.C. 2151.415(D)(1).
 {¶ 37} For the reasons stated above, we find the trial court did not abuse its discretion in finding by clear and convincing evidence that it was not in the best interests of Jacie Evans to extend her temporary custody. Appellant's second Assignment of Error is overruled. *Page 11 
 {¶ 38} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is hereby affirmed.
 Delaney, J. Wise, P.J. and Edwards, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is AFFIRMED. Costs assessed to appellant.
[1] Appellant is the mother of six children. None of them are in her care, with four of them residing with their fathers. All of the fathers have histories of drug and alcohol addiction.
[2] Tehrin was pregnant at the time of the November, 2007 hearing. *Page 1