[Cite as *Vannucci v. Schneider*, 2018-Ohio-1294.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105577**

---

## DOMINIC J. VANNUCCI

PLAINTIFF-APPELLEE

vs.

## DONNA SCHNEIDER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Berea Municipal Court
Case No. 2016 CVI 00060

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 5, 2018

**FOR APPELLANT**

Donna Schneider, pro se
10600 Shale Brook Way
Strongsville, Ohio 44149


**FOR APPELLEE**

Dominic J. Vannucci, pro se
22649 Lorain Road
Fairview Park, Ohio 44126

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Donna Schneider, pro se, appeals from the judgment of the Berea Municipal Court, Small Claims Division, finding in favor of plaintiff-appellee, Dominic Vannucci, on his complaint for unpaid attorney fees. She raises the following assignments of error for review:

> 1. During the independent review of February 28, 2017, the trial court committed prejudicial reversible error by adopting the magistrate's findings pursuant to Civ.R. 53.
>
> 2. Many misdirection or illegal testimony or evidence on points material to the issues is presumed to have influenced the trial court, and is therefore reversible error.
>
> 3. During the independent review of February 28, 2017, the trial court committed prejudicial reversible error by not reviewing all of the appellant's objections, and also the transcript of proceedings before the magistrate. All of which the trial court had instructed the appellant in the journal entry dated February 3, 2017, to comply within 30 days of receipt of said instructions. Appellant did comply in less than 30 days. A misdirection or illegal evidence on points material is presumed to have influenced the trial court, and is therefore reversible error.

**{¶2}** After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural History and Factual Background

**{¶3}** In January 2016, Vannucci filed a complaint against Schneider and her son, Travis Garner, alleging that "defendants have failed and refused to pay the balance due to plaintiff in the amount of $2,675.00 for legal services rendered, despite repeated demands

for payment." The matter proceeded to a hearing before a magistrate, where the following testimony was adduced.

{¶4} Vannucci testified that he was contacted by Schneider in an effort to assist her son, Garner, in filing a paternity action in the Cuyahoga County Juvenile Court. According to Vannucci, Schneider indicated that she and Garner each sought visitation rights. Thus, Vannucci testified that he represented both Schneider and Garner during the juvenile action.

{¶5} Prior to initiating the juvenile case, Vannucci sent Schneider and Garner a letter outlining the terms of his representation. The representation letter was admitted into evidence and provided, in relevant part:

> Dear Travis and Donna:
>
> We are now scheduled for December 19, 2014 at 10:00 a.m. for a pretrial. The Court will then review your situation and receive input from the GAL.
>
> At this time, we must document our fee arrangement. As you recall, I advised that I would charge an hourly rate of $250 per hour. All time spent on your matter will be billed at that rate including time away from my office. The break down on my invoice will be in tenths of an hour.
>
> I requested a retainer of $1,500 but agreed to accept $1,000 which has been paid. Enclosed you will find a current invoice from the time spent to date. This is due and payable.
>
> Please sign and return the enclosed copy of this letter assenting to this attorney/client relationship going forward.

{¶6} Although the letter contained signature blocks for Schneider and Garner, a signed copy of the letter was never returned to Vannucci. However, Vannucci testified that Schneider paid him a retainer fee, via a personal check, in the amount of $1,000, and later paid him an additional $300 for a portion of the legal services rendered.

{¶7} Vannucci testified that Schneider actively participated in the visitation proceedings and that the majority of the communications relating to the visitation case occurred between Vannucci and Schneider. In support of his testimony, Vannucci submitted a handwritten visitation schedule and witness list that Schneider prepared for Vannucci to use during the visitation hearing. In addition, Vannucci submitted several letters addressed to Schneider and Garner that were sent to Schneider's mailing address.

{¶8} After working on the case for approximately one year, Schneider and Garner refused to make any further payments for legal services and refused to communicate with Vannucci. As a result, Vannucci withdrew as counsel and filed the instant complaint for unpaid legal fees.

{¶9} Garner testified that he did not believe he was obligated to pay Vannucci the balance of his legal fees because he did not believe Vannucci provided him with effective assistance of counsel. He admitted that Schneider paid Vannucci $1,300 and that Schneider was involved in the decision to terminate Vannucci.

{¶10} Throughout the hearing, Schneider denied hiring Vannucci to represent her as counsel. She testified that she did not seek "grandparents rights," and that Vannucci was only hired to seek visitation rights for Garner. While she admitted that she paid Vannucci a total of $1,300, she maintained that she borrowed money from her own mother to make the payments. Schneider stated that she did not sign any document expressing her desire to have legal representation, and that she did not actively participate in, or appear at, the visitation hearings. Schneider did, however, admit that she prepared

the handwritten visitation schedule and witness list that was used by Vannucci during the visitation case.

{¶11} At the conclusion of the hearing, the magistrate entered judgment in favor of Vannucci and against Schneider and Garner, joint and severally. In response, Schneider filed a motion requesting the magistrate to issue findings of fact and conclusions of law.

{¶12} In April 2016, the magistrate issued findings of fact and conclusions of law. The magistrate made the following findings of fact:

> Defendant, Donna Schneider, contacted the Plaintiff, an Ohio Licenced Attorney, regarding representation of her family in a Cuyahoga County Juvenile Court case involving a custody/visitation issue involving her son, Travis Garner, and her minor grandchild.
> Defendant, Donna Schneider retained the Plaintiff and did in fact give him a retainer, with her money, in the sum of $1,300.
>
> Both Defendants and the Plaintiff testified that the great majority of communication was between the Plaintiff and Defendant, Donna Schneider. In fact, Defendant Donna Schneider testified that "90% of the time I spoke to Dominic about the matter." Defendant, Donna Schneider, also testified that she prepared the visitation schedule and the witness list that was to be used by the Plaintiff in the juvenile case. Defendant, Travis Garner admitted that he would not return Plaintiff's phone calls.
>
> Plaintiff presented evidence that but for Defendant, Donna Schneider's presence, he would of not have accepted the case since Travis Garner had no true residence and no means of paying him.

{¶13} Following its summarization of the relevant facts, the magistrate made the following conclusions of law:

> 1. Defendant, Donna Schneider, hired and retained Plaintiff, Attorney, Dominic J. Vannucci, to represent her family in a Cuyahoga County Juvenile Court case involving her son's custody/visitation issues with her son's, defendant, Travis Garner's minor child.

2. An attorney-client relationship was in fact created by and between Attorney, Dominic J. Vannucci, and defendants Travis Garner and Donna Schneider.

3. The attorney-plaintiff properly conducted his representation of the clients. However, he could not communicate with Travis Garner, and relied on his communications with defendant, Donna Schneider.

4. It is clear to this Court, that both defendants, Donna Schneider and Travis Garner, retained the plaintiff, Dominic Vannucci, and but for Donna Schneider's initial retainer, presence, and constant involvement in the case that the plaintiff would not [have] agreed to said representation or continuance of the representation in this matter. To say the least, the plaintiff relied on defendant, Donna Schneider's total involvement in the case both in terms of representation and financial payment.

5. The plaintiff's fee was supported, very reasonable and basically uncontested.

{¶14} Based on the foregoing, the magistrate recommended finding in favor of Vannucci and against both Garner and Schneider in the amount of $2,675, plus three percent interest from June 29, 2015, as well as costs.

{¶15} Following the magistrate's decision, Schneider timely filed objections to the magistrate's decision. In challenging the magistrate's decision, Schneider argued that she never retained or asked Vannucci to represent her, never entered into an oral or written agreement with Vannucci, and was not part of the visitation proceedings filed by Garner.

{¶16} In May 2016, the trial court overruled Schneider's objections, approved the magistrate's decision in its entirety, and entered judgment in favor of Vannucci in the amount of $2,675, plus three percent interest from June 29, 2015, and costs. The trial court found that Schneider failed to file a transcript of the magistrate's proceedings and,

therefore, it could not consider her objections. However, the trial court noted that in overruling her objections, it reviewed the case file, magistrate's notes and findings of fact and conclusions of law, the exhibits presented at trial, Schneider's objections and affidavit, and Vannucci's brief in opposition.

{¶17} Schneider filed a direct appeal from the trial court's judgment in *Vannucci v. Schneider*, 8th Dist. Cuyahoga No. 104598, 2017-Ohio-192. This court reversed the trial court's judgment, finding that "the trial court acted unreasonably and abused its discretion because it overruled Schneider's objections due to lack of a transcript before 30 days had passed from the time the magistrate's decision was filed." *Id*. at ¶ 24. We explained that "[u]nder Civ.R. 53(D)(3)(b)(iii), Schneider had 30 days to file the transcript" and, therefore, "the trial court acted unreasonably and abused its discretion in overruling Schneider's objections and adopting the magistrate's decision before the 30-day time period [expired]." *Id*. at ¶ 25. We instructed the trial court on remand "to consider the transcript and follow the required 'action on objections' set forth in Civ.R. 53(D)(4)(d)," which provides:

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶18} On remand, the trial court considered the filed transcript and once again overruled Schneider's objections, approved the magistrate's decision in its entirety, and

entered judgment in favor of Vannucci in the amount of $2,675, plus three percent interest from June 29, 2015, and costs. The judgment stated, in pertinent part:

> Upon Defendant's objection, submitted a second time following remand from the 8th District Court of Appeals, and this time containing the full transcript of the Magistrate's hearing, the Court makes the following findings:
>
> 1. This Court has independently reviewed the objected matters including the transcript of testimony, the exhibits, briefs and affidavits and all other evidence.
>
> 2. This Court finds that the need to hear additional evidence, i.e.: conduct a trial de novo, does not exist in this case because Defendant did not demonstrate that any evidence produced at a trial de novo could not with reasonable diligence have been produced before the Magistrate at the original Magistrate hearing.
>
> 3. Magistrate Decision herein was both factually and legally sound and justified by the evidence. Therefore, objection overruled. Judgment for the Plaintiff in sum of $2,675.00, 3% interest from 6/29/15 and costs.

{¶19} Schneider now appeals the trial court's judgment.

## II. Law and Analysis

{¶20} For the purposes of judicial clarity, we address Schneider's assignments of error together. Within her assigned errors, Schneider argues the trial court erred in adopting the magistrate's decision because Vannucci failed to support his claim with adequate evidence at the trial level.

{¶21} The standard of review for proceedings in small claims court is abuse of discretion. *Video Discovery, Inc. v. Passov*, 8th Dist. Cuyahoga No. 86445, 2006-Ohio-1070, ¶ 7; *Feinstein v. Habitat Wallpaper & Blinds*, 8th Dist. Cuyahoga No. 67419, 1994 Ohio App. LEXIS 5771 (Dec. 22, 1994). We also review a trial court's

adoption of a magistrate's decision under an abuse of discretion standard of review. *Abbey v. Peavy*, 8th Dist. Cuyahoga No. 100893, 2014-Ohio-3921, ¶ 13, citing *Lindhorst v. Elkadi*, 8th Dist. Cuyahoga No. 80162, 2002-Ohio-2385.

**{¶22}** When applying an abuse of discretion standard, we cannot substitute our judgment for that of the trial court. A trial court abuses its discretion only if its decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Ockunzzi v. Smith*, 8th Dist. Cuyahoga No. 102347, 2015-Ohio-2708, ¶ 9, quoting *AAAA Ents. Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An abuse of discretion may also be found where the trial court "'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Ockunzzi* at ¶ 9, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

**{¶23}** In challenging the trial court's judgment, Schneider collectively argues that Vannucci was not entitled to recover attorney fees from her because (1) she cannot be held liable for her adult son's debts, (2) she was not Vannucci's client because she never signed a contract, (3) the trial court failed to acknowledge "the fact that each of [Vannucci's] invoices [for attorney fees] are addressed to Travis Garner and only Travis Garner," (4) she did not participate in or benefit from Garner's visitation action, and (5) the money used to pay Vannucci during the visitation action derived from a loan

Schneider received from her own mother. Schneider cites no legal authority to support her arguments, but contends that her "conviction for liability of attorney fees is against the manifest weight of the testimony, evidence, and lack of evidence."

{¶24} We note that while Schneider's assigned errors utilize the "manifest weight of the evidence" language, this court has reiterated that "the proper standard of review for a trial court judgment that adopts a magistrate's decision is abuse of discretion, and the instant appeal will be properly reviewed under this standard." *Agnew v. Muhammad*, 8th Dist. Cuyahoga No. 100599, 2014-Ohio-3419, ¶ 16.

{¶25} The Ohio Supreme Court has held that "an attorney-client relationship need not be formed by an express written contract or by the full payment of a retainer." *Cuyahoga Cty. Bar Assn. v. Hardiman*, 100 Ohio St.3d 260, 2003-Ohio-5596, 798 N.E.2d 369, ¶ 8. "Instead, * * * an attorney-client relationship may be created by implication based upon the conduct of the parties and the reasonable expectations of the persons seeking representation." *Id.*

{¶26} After careful review of the transcript and exhibits, we are unable to conclude that the trial court abused its discretion by concluding that the magistrate's decision was supported by the evidence adduced at trial. We find Vannucci's testimony before the magistrate reasonably established that Schneider "hired and retained [Vannucci] to represent her family in a Cuyahoga County Juvenile Court case involving her son's custody/visitation issues with her son's minor child." Significantly, Vannucci testified that he represented Schneider and Garner and that Schneider sought grandparent

visitation rights. In an effort to corroborate his testimony, Vannucci submitted a handwritten proposed witness list that Schneider sent to him via facsimile during the pendency of the underlying custody case. In the fax, Schneider provided a list of potential witnesses she believed Vannucci should contact and explained, in relevant part:

> *I'm trying to have visitation* so [the minor child] can be with [Garner] * * *
> and his brother and sister.   (Emphasis added.)

{¶27} Simply stated, we find the court reasonably determined that Schneider secured the services of Vannucci for her own benefit and not merely for Garner. *See Drake, Phillips, Kuenzli, & Clark v. Skundor,* 27 Ohio App.3d 337, 339-340, 501 N.E.2d 88 (3d Dist.1986) ("[A] parent is bound to a contract and liable for the debt of the child, even on an oral contract, if it can be determined that the parent secured the services of the attorney for his or her own benefit, and not merely for their child.").

{¶28} While the record reflects that Schneider never returned a signed copy of the representation agreement to Vannucci, the testimony established that she subsequently acquiesced to his continued representation, as evidenced by her personal payment of $1,300 in legal fees and her active presence and participation in the juvenile court case. Whether Schneider borrowed the money from a family member to retain Vannucci's legal services is irrelevant. Thus, the trial court properly relied on Schneider's conduct to conclude that an attorney-client relationship was formed by implication. Although Schneider correctly argues that Vannucci should have taken the necessary steps to ensure that he obtained the parties' signature on a written fee agreement in accordance with the

stated preference of Prof.Cond.R. 1.5(b),[1] the record reflects, at the very least, that the parties orally agreed to the fee arrangement and even negotiated to reduce Vannucci's retainer fee from $1,500 to $1,000.

**{¶29}** Under these circumstances, we find the trial court did not arbitrarily conclude that Schneider and Garner had a legal obligation to compensate Vannucci for unpaid legal services. Accordingly, the trial court did not abuse its discretion by overruling Schneider's objections and adopting the magistrate's decision in its entirety.

**{¶30}** Schneider's first, second, and third assignments of error are overruled.

**{¶31}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

---

[1] Prof.Cond.R. 1.5(b) provides, in relevant part:
The nature and scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation, unless the lawyer will charge a client whom the lawyer has regularly represented on the same basis as previously charged.

MELODY J. STEWART, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., DISSENTS WITH SEPARATE OPINION

KATHLEEN ANN KEOUGH, P.J., DISSENTING:

{¶32} I would find merit to the appeal and reverse the trial court's decision entering judgment against Donna Schneider. Absent an expressed agreement that Schneider would be responsible for her son's legal fees or evidence of an expectation that Vannucci was also representing Schneider in the juvenile matter, I would find that Schneider had no legal obligation to compensate Vannucci for unpaid legal services. Accordingly, I respectfully dissent.

{¶33} The Supreme Court of Ohio has said that "[w]hile it is true that an attorney-client relationship may be formed by the express terms of a contract, it 'can also be formed by implication based on conduct of the lawyer and expectations of the client.'" (Citations omitted.) *Cuyahoga Cty. Bar Assn. v. Hardiman*, 100 Ohio St.3d 260, 2003-Ohio-5596, 798 N.E.2d 369, ¶ 10. "The determination of whether an attorney-client relationship was created turns largely on the reasonable belief of the prospective client." *Id*.

{¶34} In this case, no signed fee agreement was submitted into evidence. In fact, it is undisputed that the engagement letter sent to Garner and Schneider was not returned.[2]

---

[2] What is interesting to note, however, is that the engagement letter sent by Vannucci only mentioned the receipt of a retainer and his hourly rate. The letter did not set forth the scope of representation, an explanation of fees and expenses, billing practices, or payment terms. Testimony was presented that only Garner signed a document during the initial meeting with Vannucci in his office. However, that document was not submitted into evidence and no testimony was given about the content of that document.

Accordingly, no contract or agreement exists holding Schneider liable for Vannucci's unpaid legal services.

{¶35} I would also find Schneider's involvement with her son's case did not create an attorney-client relationship. The fax sent by Schneider does not prove that an attorney-client relationship existed between Schneider and Vannucci. It only reveals that she wanted visitation to allow her grandson to spend more time with her son and family. My reading of the entire content of the fax is that this was just another attempt to help assist her son in his visitation case. Moreover, although Vannucci testified that Schneider was seeking grandparent visitation, no court documentation or filings were presented at trial evidencing that Vannucci ever filed anything on Schneider's behalf requesting such visitation.

{¶36} Additionally, all filings that were submitted into evidence show that Vannucci was "Attorney for Travis Garner." Finally, when Vannucci formally withdrew as counsel in the juvenile matter, he was withdrawing as counsel for Garner. Accordingly, Vannucci did not engage in any conduct that created an expectation by Schneider that he represented her in the juvenile matter or that she had a reasonable belief that she was a client.

{¶37} Moreover, no evidence was presented that implied that Schneider would be legally responsible for Vannucci's unpaid legal fees. The exhibits submitted at trial evidence that Vannucci's fee bills were only sent to Garner, thus creating an inference that payment of services was solely Garner's responsibility. The evidence submitted at

trial only established that Schneider paid Vannucci the initial retainer on behalf of her son and then submitted an additional payment to Vannucci on behalf of her son. Financial assistance does not create a contractual obligation for unpaid services.

{¶38} Additionally, I would find that the magistrate's conclusions of law are not supported by the record. Vannucci did not testify to and no evidence supports the conclusion that but for Schneider's involvement with case, Vannucci would not have agreed to and continue the representation. Supporting the decision to hold Schneider financially responsible for the unpaid fees, the magistrate concluded that Vannucci relied on Schneider's "involvement in the case in terms of both representation and financial payment." However, Vannucci's reliance on Schneider does not create an implied obligation of Schneider to Vannucci.

{¶39} Rather, the record clearly shows that a mother was financially helping her son secure legal representation for a custody matter and that she communicated with Vannucci to assist in this representation. These actions, in my opinion, do not equate to being legally responsible for her son's unpaid legal fees.