[Cite as *Lok Home v. Robbins Co.*, 2022-Ohio-304.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

LOK HOME,                                       :

    Plaintiff-Appellee,          :

                        No. 110544

v.                                              :

ROBBINS COMPANY, ET AL.,                        :

    Defendants-Appellees.        :

[Appeal by Intervenor Northern
Heavy Industries Group Co., Ltd.]               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 3, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-921031

---

***Appearances:***

McDonald Hopkins, LLC, Sean D. Malloy, Jennifer D. Armstrong, Michael J. Kaczka, and Maria Carr, *for appellee* John K. Lane, Receiver for Hall Street Company f.k.a. The Robbins Company.

Michael P. Harvey Co., L.P.A., and Michael P. Harvey; DeHeng Chen, LLC, and Dean Cho, *for appellant.*

EILEEN T. GALLAGHER, J.:

**{¶ 1}** Appellant, Northern Heavy Industries Group Co., Ltd. ("NHI"), appeals an order denying its motion for relief from judgment and claims the following errors:

> 1.  The trial court erred by failing to apply a proper Ohio Civil Rule 60(B) standard to a missed status conference.
>
> 2.  The trial court erred by issuing an Ohio Civil Rule 60(B) order that is inconsistent with the docket, the hearing transcript, and the evidence submitted by the parties.
>
> 3.  The trial court erred by elevating the November 18, 2020 status conference, covered by a law clerk, to an evidentiary hearing which then eviscerated NHI's claims.
>
> 4.  The trial court's 60(B) application of law to this situation was an abuse of discretion because procedural outcomes are disfavored under Ohio law.

**{¶ 2}** After careful review of the record and applicable law, we affirm the trial court's judgment.

## I.  Facts and Procedural History

**{¶ 3}** The Hall Street Company, formally known as The Robbins Company ("TRC"), is based in Solon, Ohio, and is a leading manufacturer of tunnel boring machines.  In 2016, NHI purchased approximately 61% of the stock of TRC in order to increase TRC's market share in China.  TRC subsequently lost its ability to maintain certain accounts with U.S. banks and suffered financial difficulties.  In 2019, TRC's president, Lok Home ("Home"), sought and obtained a cognovit judgment against TRC in the amount of $13,980,068.12, plus interest due on certain

promissory notes. To carry the judgment into effect, Home filed a motion for an order appointing a receiver (the "Receivership Motion") to manage TRC's daily operations. The court appointed the receiver on October 7, 2019, over NHI's objections, following a status conference attended by attorney Dean Cho ("Cho"), of counsel for DeHeng Chen LLC ("DeHeng Chen"). Cho is not licensed to practice law in Ohio; Cho and DeHeng Chen maintain offices in New York, New York.

{¶ 4} The receiver sought court approval for a deadline by which parties-in-interest had to file claims so that the receiver could collect, assess, and evaluate all claims against TRC. The court entered an order establishing July 31, 2020, as the deadline for filing all claims against TRC that accrued prior to the receiver's appointment.

{¶ 5} NHI, through counsel, submitted a timely claim for an amount totaling $14,215,256.00. The receiver objected to NHI's claim and sent the claim objection notice ("Claim Objection") to two email addresses, including information@dcclaw.com. (*See* Certificate of Service within the Objection of Receiver to Claim filed by Northern Heavy Industries Group Co., Ltd., filed Oct. 27, 2020.) The receiver also sent the Claim Objection by regular mail to DeHeng Chen's New York address and to NHI's address in Liaoning, China. The Claim Objection provided the following instructions for filing responses:

> To contest any matter in this Objection, the Claimant must file and serve a written response (a "Response") to this Objection. *Every Response must be filed with the Court* and served upon the Receiver's counsel, as listed below, so that the Response is filed and received no later than November 10, 2020.

(Emphasis added.)  (Objection of receiver to claim filed by NHI at p.11.)  The Claim

Objection also contained the following warning:

> If the Claimant fails to file and serve a Response in a timely manner pursuant to this procedure, the Receiver may present to the Court an appropriate order disallowing and expunging NHI's claim as set forth herein without further notice or hearing.

(Objection of receiver to claim filed by NHI at p.12.)  The Claim Objection included

a proposed order, marked as "Exhibit D," sustaining the receiver's objection and

disallowing NHI's claims.

{¶ 6} Two days later, on October 29, 2020, the receiver filed a "Notice of

Opportunity to Object to Objection of Receiver to Claim" ("Claims Hearing Notice"),

indicating there would be a hearing on claim objections on November 18, 2020.  The

notice states, in relevant part:

> At the status conference held in the above-captioned matter on October 20, 2020, the Court set a hearing on claim objections for November 18, 2020 at 9:30 a.m.  Responses or objections to the Objection must be filed and served on or before November 10, 2020, and must comply with the instructions set forth in the Objection.  If there are no objections to the Motion, the Court may enter an order sustaining the Objection and disallowing the Claim after expiration of the objection period.

Both the Claim Objection and the Claims Hearing Notice were electronically filed

and publicly available on the court's docket.

{¶ 7} NHI did not file a response to the receiver's objection.  Instead, on

November 10, 2020, NHI faxed an affidavit of its chairman, Xuemin Wang ("Wang

Affidavit") to a judge, who was not presiding over the receivership.  NHI also

emailed a copy of the Wang affidavit to certain parties, including the receiver.

**{¶ 8}** The court held a claims hearing via Zoom on November 18, 2020. At the start of the proceeding, the trial court asked the parties to introduce themselves for the record. NHI's counsel failed to appear, but it was later learned that a law clerk of DeHeng Chen was present. The parties were unaware of the intern's attendance because he did not identify himself at the roll call, did not turn on his camera, and remained silent throughout the proceeding.

**{¶ 9}** Counsel for the receiver acknowledged on the record that he had received the Wang Affidavit via email but noted that NHI never filed the Wang Affidavit or a response to the receiver's objection on the docket. Because NHI did not file a response to the Claim Objection and NHI made no argument at the hearing in opposition to the Claim Objection, the court reviewed the Claim Objection on its merits and entered an order, dated November 18, 2020, sustaining the Claim Objection and disallowing NHI's claim.

**{¶ 10}** Two months later, on January 27, 2021, NHI, through counsel, filed a motion for relief from judgment pursuant to Civ.R. 60(B). NHI argued that counsel's failure to file a response to the Claim Objection and to attend the claims hearing constituted excusable neglect because (1) NHI's counsel was unable to electronically file its response with the trial court, and (2) the receiver's counsel did not provide "direct notice" of the Claim Objection to NHI. NHI also asserted that it had meritorious claims and defenses that justified relief under Civ.R. 60(B).

**{¶ 11}** The trial court held a two-day hearing on NHI's motion for relief from judgment. Cho testified that he never received notice of the November 18, 2020

claims hearing because instead of emailing the notice directly to his inbox, the notice was sent to a general mailbox at DeHeng Chen, and Cho did not have access to that mailbox. (Tr. 258, 290.) A bookkeeper at DeHeng Chen saw the email and forwarded it to several people at the firm, including NHI's relationship lawyer and an intern. (Tr. 259, 297.) The intern testified that he forwarded the email to Cho on October 27, 2020. (Tr. 347.) Cho also stated that he received the intern's email:

> [The intern] sent me an email which mentioned that the receiver had objected to NHI's claims and that we had to file our response by November 10th. He did not mention any hearing. And what happened was — and he didn't reference that he was attaching any email from anybody else to his email to me.
>
> And * * * I'm actually almost 58 years old and unfortunately my eyesight is not as good as it used to be so I have trouble reading small print so my screen is enlarged, the text is enlarged.
>
> So I read his email, there was no reference to any attachment or anything like that, and it didn't appear on the screen. It just looked like a complete self-contained email, so I did not see any attachment.

(Tr. 259-260.) According to Cho, his local counsel never forwarded the notification about the November 18, 2020, hearing to him. (Tr. 254, 264-265.)

{¶ 12} Cho explained that he was scheduled to appear at a hearing in another case on November 18, 2020, so he instructed the intern to attend the November 18, 2020 hearing in this case in his stead. (Tr. 260, 294.) Cho admitted that he knew about the November 18, 2020 proceeding but thought it was a status conference. As previously stated, the intern attended the hearing without identifying himself.

{¶ 13} Cho testified that he asked local counsel to e-file NHI's response to the Claims Objection, but local counsel refused. (Tr. 303.) Consequently, Cho faxed a

response to a judge, who was not presiding over the receivership, because he was unable to e-file documents. When asked whether Cho ever checked the docket to see if the faxed response was entered on the docket, he replied: "I don't have access to the docket." (Tr. 308.) He explained that he is "not the most proficient person with regards to computers" and that he "rel[ied] heavily upon local counsel in, you know, monitoring the dockets for matters that are outside the state of New York." (Tr. 309-310.)

{¶ 14} The trial court denied NHI's motion for relief and found (1) that NHI's counsel had actual notice of the claims hearing and failed to appear even though an intern was present and monitored the hearing; and (2) NHI failed to establish a meritorious claim because it did not provide competent proof, and no one with direct knowledge of NHI's claim testified at the hearing on NHI's request for relief. NHI now appeals the trial court's judgment.

## II. Law and Analysis

### A. Civ.R. 60(B) Standard

{¶ 15} In the first assignment of error, NHI argues the trial court failed to apply the proper standard for deciding whether to grant relief under Civ.R. 60(B). In the second assignment of error, NHI argues the trial court's judgment is "inconsistent with the docket, the hearing transcript and the evidence submitted by all the parties." We discuss these assigned errors together because they are interrelated.

{¶ 16} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B) further provides that motions for relief from judgment "shall be made within a reasonable time * * *."

{¶ 17} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the moving party must demonstrate (1) a meritorious defense or claim to present if relief is granted, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (B)(5), and (3) the timeliness of the motion. *GTE Automatic Elec., Inc., v. Arc Indus., Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). These requirements are independent and written in the conjunctive; therefore, all three must be clearly established in order to be entitled to relief. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶ 18} This court reviews a trial court's denial of a motion for relief from judgment for an abuse of discretion. *Id.* "A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 19. An abuse of discretion may be found where a trial court "applies the wrong legal standard, misapplies the

correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Vannucci v. Schneider*, 2018-Ohio-1294, 110 N.E.3d 716, ¶ 22 (8th Dist.).

{¶ 19} NHI argued in the trial court, as it does on appeal, that its failure to file a response to the receiver's Claim Objection constituted excusable neglect under Civ.R. 60(B)(1). Loc.R. 39 of the Cuyahoga County Court of Common Pleas, General Division, requires that all attorneys file documents electronically. Cho testified that he was unable to e-file the response, but he did not specify why he was unable to do so. Assuming the failure was due to technical difficulties as opposed to blatant neglect, Cho could have remedied the problem by contacting the e-file help desk for assistance as provided in Loc.R. 39(L). Cho also could have sought leave to file the response instanter on the next business day due to a technical failure, as provided in Loc.R. 39(H)(2). There is no evidence that Cho, or any other representative of NHI, attempted to complete either of these actions in order to properly e-file NHI's response to the Claim Objection.

{¶ 20} NHI argues that its failure to e-file its response is nevertheless excusable because Cho faxed the response to a judge, albeit not the judge presiding over the receivership. However, neither state law nor the local rules permit emailed or faxed documents to substitute for electronic filing required by Loc.R. 39. Moreover, Cho admitted at the hearing that he did not check the docket to ensure

that the faxed response was entered on the docket. (Tr. 308-310.) This court has held that the failure to ensure that a document is properly filed constitutes negligence. *Cleveland Mun. School Dist. v. Farson*, 8th Dist. Cuyahoga No. 89525, 2008-Ohio-912, ¶ 10. Therefore, NHI's failure to e-file its response to the receiver's Claim Objection was not excusable.

{¶ 21} NHI argues that counsel's failure to attend the November 18, 2020 claims hearing constituted excusable neglect because counsel did not receive "direct notice" of it. (Appellant's brief p. 13.) NHI asserts that the receiver's counsel failed to properly serve it with notice of the claims hearing because the receiver's counsel sent the notice to information@dcc.law, which is a general mailbox that is "not regularly checked." (Appellant's brief p. 4.) However, evidence showed that a bookkeeper discovered the email in the general mailbox and forwarded it to the attorney in the firm who assigned the file to Cho and the intern who later attended the November 18, 2020 claims hearing incognito. (Tr. 291, 294.)

{¶ 22} The intern testified that he received the email three minutes after it was sent to the general mailbox by the receiver's counsel. (Tr. 347.) Thus, despite NHI's claim that the general mailbox was "not regularly checked," it was checked immediately after the email was sent, and the email was forwarded to members of the firm. The intern also testified that he forwarded the email notice to Cho within another 16 minutes. (Tr. 348.) Indeed, Cho admitted that the intern forwarded the email to him on October 27, 2020. (Tr. 297.) Therefore, the evidence showed that

NHI received notice of the claim hearing on October 27, 2020, more than two weeks before the scheduled claims hearing on November 18, 2020.

{¶ 23} Still NHI maintains counsel's failure to attend the November 18, 2020 claims hearing constituted excusable neglect because Cho did not see the notice in the email forwarded to him by the intern. (Appellant's brief p. 5; tr. 260.) Cho testified that he did not see the notice because he did not see any attachments to email sent by the intern. (Tr. 260.) However, the intern testified that he did not make any changes to the email when he forwarded it to Cho. (Tr. 348.) Moreover, forwarded emails appear in an email thread rather than as attachments. Therefore, Cho's claim that he did not receive the notice in the forwarded email is not credible, especially since the intern's presence at the November 18, 2020 claims hearing demonstrates NHI received notice of it.

{¶ 24} Cho asserted at the Civ.R. 60(B) hearing and on appeal that he did not receive Zoom instructions for attending the hearing. (Appellant's brief p. 5.) However, the record shows the receiver's counsel sent an email with the Zoom link to all parties the day before the hearing. The email was sent to two emails for Cho, neither of which was the general mailbox of Deheng Chen. Cho obviously received the email since Cho's intern used the Zoom link to attend the hearing. Therefore, his claim that he did not receive Zoom instructions is not credible and not supported by the record.

{¶ 25} Cho admitted at the Civ.R. 60(B) hearing that he was aware of a "proceeding" scheduled for November 18, 2020, but claims he believed it to be a

status conference rather than an evidentiary hearing. (Tr. 262, 294.) Despite being aware of a proceeding scheduled for November 18, 2020, Cho not only failed to attend the proceeding, he neglected to send another lawyer to cover it on his behalf, sending an intern instead.

{¶ 26} Gov.Bar. R. II governs the scope of a legal intern's authority to practice law and states, in relevant part:

> A legal intern shall not appear before any court or administrative board or agency in the absence of a supervising attorney, unless the supervising attorney and the client consent in writing or on the record, and the absence of the supervising attorney is approved by the judge, referee, magistrate, or hearing officer hearing the matter. * * *

Gov.Bar. R. II(E). There is no evidence that the trial judge ever approved the intern's authority to attend the November 18, 2020 hearing in Cho's absence since the intern's presence at the hearing was not even disclosed to the court or the parties. Cho's decision to send an intern to the November 18, 2020 hearing in his place without notifying the parties and the court demonstrates a complete disregard for the proceeding.

{¶ 27} Moreover, despite NHI's assertions to the contrary, the November 18, 2020 hearing was more than a status conference. The Claim Objection and the Claims Hearing Notice clearly stated that if no response was made, the court could enter an order sustaining the Claim Objection without further notice or hearing. (See Claim Objection p. 12; Claims Hearing Notice.) Such a warning should have prompted an attorney to know that the November 18, 2020 hearing should be taken seriously. Yet, as previously stated, NHI failed to properly e-file a response to the

Claim Objection and failed to have an attorney attend the November 18, 2020 hearing.

{¶ 28} Counsel's failure to e-file a response to the Claim Objection and his failure to attend the November 18, 2020 hearing was not excusable neglect. The Ohio Supreme Court has held "that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting *GTE Automatic Elec., Inc.*, 47 Ohio St.2d at 153, 351 N.E.2d 113. In determining whether a party's inaction constitutes excusable neglect, courts must consider all the individual facts and circumstances in each case. *Colley v. Bazell*, 64 Ohio St.2d 243, 249, 416 N.E.2d 605 (1980).

{¶ 29} Counsel's conduct in this case is similar to that of the defendant in *Morgan Adhesives Co. v. Sonicor Instrument Corp.*, 107 Ohio App.3d 327, 668 N.E.2d 959 (9th Dist.1995). In that case, the defendant sought relief from a default judgment, arguing its failure to file an answer was the result of excusable neglect because it was never properly served with the complaint and it was unaware that suit had been filed. *Id.* at 335. The plaintiff argued the defendant had actual notice because the complaint was sent by both certified and regular mail and that by complying with the Ohio Rules of Civil Procedure on service of process, proper service is presumed. *Id.* There was also evidence that another party discussed the suit with the defendant. *Id.* Based on these facts, the court found that the defendant "had knowledge of the proceeding and knowledge of the consequence of its failure

to participate but elected not to participate." *Id.* The court, therefore, concluded that defense counsel's conduct did not constitute excusable neglect. *Id.* at 335-336. The court further explained that "[c]ourts will not condone or reward a party's choice to ignore the judicial process by the grant of relief pursuant to Civ.R. 60(B)." *Id.*, citing *Manson v. Gurney*, 62 Ohio App.3d 290, 294, 575 N.E.2d 492 (9th Dist.1989).

{¶ 30} NHI and its counsel knew it had to e-file a response to the Claim Objection. Yet they not only made no effort to do so, they also failed to follow up to see if the response they faxed to another judge, who was not presiding over the receivership, was entered on the docket. The evidence further shows that although NHI and its counsel had actual notice of the November 18, 2020 hearing, they chose not to attend. We find, as did the trial court, that these actions are inexcusable.

{¶ 31} NHI failed to demonstrate that its inaction was the result of excusable neglect under Civ.R. 60(B)(1). Failure to establish excusable neglect is fatal to its claim for relief under Civ.R. 60(B) since all the requirements of Civ.R. 60(B) must be established in order to be entitled to relief. *Rose Chevrolet, Inc.*, 36 Ohio St.3d at 20, 520 N.E.2d 564. The trial court, therefore, applied the correct standard for denying NHI's motion for relief from judgment, and the manifest weight of evidence supports the trial court's decision.

{¶ 32} The first and second assignments of error are overruled.

## B. The November 18, 2020 Hearing

{¶ 33} In the third assignment of error, NHI asserts that "the Trial Court erred by elevating the November 18, 2020 status conference covered by a law clerk to an evidentiary hearing which then eviscerated NHI's claims." (Appellants brief p. 1.) However, the Claims Hearing Notice notifying the parties of the November 18, 2020 hearing specifically stated that the proceeding was a "hearing on claim objections." (See Notice and Opportunity to Object to Objection of Receiver to claim filed by Northern Heavy Industries Group Co., Ltd. filed Oct. 29, 2020.) The Claims Hearing Notice states, in relevant part:

> PLEASE TAKE NOTICE THAT * * * the court appointed receiver of The Robbins Company, filed the Objection of Receiver to Claim filed by Northern Heavy Industries Group Co., Ltd. (the "Claim") on October 27, 2020 (the "Objection"). At the status conference held in the above-captioned matter on October 20, 2020, the Court set *a hearing on claim objections for November 18, 2020 at 9:30 a.m.* Responses or objections to the Objection must be filed and served on or before November 10, 2020, and must comply with the instructions set forth in the Objection. *If there are no objections to the Motion, the Court may enter an order sustaining the Objection and disallowing the Claim after expiration of the objection period.*

(Emphasis added.)

{¶ 34} The record clearly shows that the November 18, 2020 hearing was not a status conference; it was a claims hearing. Moreover, the notice clearly warned that failure to attend the claims hearing could result in disallowance of NHI's claim. Counsel's decision to have an intern attend the November 18, 2020 hearing was not the trial court's fault. To the contrary, it was counsel's decision and showed a disregard for the proceedings.

{¶ 35} Therefore, the third assignment of error is overruled.

## C. Procedural Outcomes

{¶ 36} In the fourth assignment of error, NHI asserts the trial court abused its discretion in denying its motion for relief from judgment "because procedural outcomes are disfavored under Ohio law." (Appellant's brief p.1.)

{¶ 37} It is true that "courts generally prefer to determine cases on the merits rather than procedural technicalities." *State v. Tingler*, 6th Dist. Ottawa No. OT-17-024, 2018-Ohio 1542, ¶ 4. However, the policy favoring an adjudication on the merits "'must be balanced against the competing principle that litigation must be brought to an end.'" *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, ¶ 14 (4th Dist.), quoting *Newman v. Farmacy Natural & Specialty Foods*, 168 Ohio App.3d 630, 2006-Ohio-4633, 861 N.E.2d 559, ¶ 22 (4th Dist.).

{¶ 38} In *Rose Chevrolet*, the court weighed the competing interests of adjudicating cases on the merits against the need for finality in the litigation and concluded that "[r]elief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside." *Id.* at 21. The court explained that where "the movant alleges inadvertence and excusable neglect as grounds for relief from judgment under Civ. R. 60(B)(1), but does not set forth any operative facts to assist the trial court in determining whether such grounds exist, the court does not abuse its discretion in denying the motion for relief from judgment." *Id.*

{¶ 39} NHI claimed its failure to respond to the Claims Objection and its failure to attend the November 18, 2020 claims hearing was the result of excusable neglect. However, as previously explained, NHI failed to present operative facts demonstrating excusable neglect. Therefore, the trial court's decision to overrule NHI's motion for relief from judgment was not an abuse of discretion.

{¶ 40} The fourth assignment of error is overruled.

{¶ 41} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR