[Cite as *Cuyahoga Cty. Treasurer v. 440 High St., L.L.C.*, 2022-Ohio-1239.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TREASURER OF CUYAHOGA
COUNTY, OHIO,                          :

      Plaintiff,                    :

                       No. 110786

      v.                            :

440 HIGH STREET, LLC, ET AL.,         :

      Defendants-Appellants,        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 14, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-903729

---

### *Appearances:*

Kehoe & Associates, LLC, Robert D. Kehoe, and Kevin P. Shannon, *for appellant*.

Law Office of Val Schurowliew LLC and Val Schurowliew, *for appellee*.

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Defendant-appellant, 440 High Street, LLC ("440"), brings this appeal challenging the trial court's judgment denying 440's motion to vacate the confirmation of a foreclosure sale of the property at issue in this case and for a stay

of the confirmation. 440 argues that the trial court erred by denying its motion to vacate the confirmation of the sale because 440 demonstrated it had a meritorious defense to present if relief was granted under Civ.R. 60(B), and that the motion to vacate was filed in a timely manner. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} The instant matter involves a property dispute between 440 and third-party defendant-appellee, intervenor, Emmet, Inc. Emmet purchased the property, an eight-unit, multi-family rental property, located at 2817 Noble Road, Cleveland Heights, Ohio 44121, at a foreclosure sale in June 2021 for $241,200.

{¶ 3} In 2018, 440 was the record titleholder of the property. As of May 2018, 440 was delinquent in the payment of taxes, assessments, and penalties for the property. A delinquent land certificate, dated May 9, 2018, indicated that 440 had not paid taxes for a period of one year and that the total amount of delinquent taxes, assessments, and penalties was $17,785.23.

{¶ 4} In 2018, the Cuyahoga County treasurer initiated a tax foreclosure action. On September 14, 2018, the county filed a complaint against 440 "for collection of delinquent taxes, assessments, penalties, and interest, foreclosure, and equitable relief." The county named the other parties that had an interest in the property in its complaint.[1] The county filed a delinquent land certificate and

---

[1] "The Church in Cleveland, an Ohio corporation c/o James H. C. Yang, Statutory Agent" and "Alliance Prime Associates, Inc. c/o Anne L. Meyers, Statutory Agent."

preliminary judicial report with its complaint. Subsequently, on March 22, 2019, the county filed a final judicial report and a city of Cleveland Heights land affidavit.

{¶ 5} A magistrate held a tax hearing on July 17, 2019. On July 17, 2019, the magistrate granted a decree of foreclosure in favor of the county. The magistrate granted 440's oral motion to stay circulation of the magistrate's decision until September 23, 2019.

{¶ 6} The magistrate's decision was issued on September 27, 2019. 440 did not file any objections to the magistrate's decision.

{¶ 7} On October 18, 2019, the trial court adopted the magistrate's decision. The trial court entered judgment in favor of the county on its delinquent tax foreclosure complaint and issued an order of foreclosure.

{¶ 8} A sheriff's sale was scheduled for April 6, 2020. However, this sale did not take place.

{¶ 9} A second sheriff's sale was scheduled for June 9, 2021. During the second sale, Emmet purchased the property for $241,200. On June 14, 2021, the trial court issued an order of sale memorializing the terms of the sale to Emmet.

{¶ 10} On June 29, 2021, the trial court issued a confirmation of sale. Two weeks later, on July 13, 2021, 440 filed a motion (1) to vacate the trial court's confirmation order, and (2) requesting a 90-day stay of any further confirmation of the sale "to permit 440 High to obtain the funding necessary to pay all outstanding taxes, sheriffs fees, and court costs so that 440 High may retain the property."

{¶ 11} 440 appeared to seek relief from the trial court's June 29, 2021 judgment confirming the sale of the property pursuant to Civ.R. 60(B). In support of its request to vacate the sale and stay further confirmation of the sale, 440 asserted that "the coronavirus pandemic has had a drastic effect on its tenants' ability to pay rent and, by extension, [440's] ability to pay the outstanding taxes owed on the property." Citing the pandemic-related eviction moratorium, and the fact that the property's tenants are "not wealthy individuals," 440 maintained that it had no legal recourse for tenants' nonpayment of rent and that 440 and its principal "have been good landlords" and have "attempted to be accommodating" to tenants. 440 did not submit any evidence supporting its assertion, rather, it alleged that "[i]f asked, each of 440 High's tenants would tell the Court that 440 High and its principal have been good landlords and they would wish to continue the landlord/tenant relationship with 440 High." Aside from the pandemic-related circumstances, 440 asserted that (1) the 20 percent interest charged on the outstanding taxes, and (2) the city of Cleveland Heights' water and sewer charges "greatly increased the amount owed" on the property.

{¶ 12} Based on these pandemic-related circumstances, 440 argued that "vacating the confirmation order and allowing a limited stay of confirmation is fair and equitable." 440 supplemented the motion to vacate on July 15, 2021. In the notice of supplement, 440 asserted that it "has now obtained the necessary funding to redeem its interest in the property if the Court grants its motion to vacate." 440

supplemented its motion to vacate with an affidavit of 440's acting manager, Gary Harris, executed on July 15, 2021. Harris averred, in relevant part,

> 5. The coronavirus pandemic had a drastic effect on 440 High's ability to pay its outstanding taxes in order to redeem the Property.
>
> 6. 440 High had difficulty collecting rents during the pandemic and was unable to evict tenants who were not paying due to the nationwide foreclosure moratorium.
>
> 7. 440 High now has obtained a lender who is willing and able to pay off all back taxes and fees immediately so that 440 High can remain as owner of the Property and market it for sale.
>
> 8. 440 High certifies to the Court that if the confirmation order is vacated, 440 High will pay all outstanding amounts due within five (5) business days of the order vacating the confirmation of sale.

{¶ 13} On July 20, 2021, third-party defendant Emmet filed a motion to intervene, pursuant to Civ.R. 24, as the purchaser of the property. Emmet also filed a proposed response to 440's motion to vacate. The trial court granted Emmet's motion to intervene on July 27, 2021.

{¶ 14} Emmet filed its response to 440's motion to vacate on July 30, 2021. Therein, Emmet argued that (1) 440 failed to argue or demonstrate any defect or irregularity regarding the foreclosure proceedings or foreclosure sale, (2) 440 was not entitled to relief under Civ.R. 60(B) based on the COVID-19 pandemic, and (3) 440 failed to secure a lender in a timely manner.

{¶ 15} On August 10, 2021, the trial court denied 440's motion to vacate the confirmation order and for a stay of the confirmation of the sale without holding a hearing. It is from this judgment that 440 filed the instant appeal on August 27, 2021.

**{¶ 16}** 440 assigns one error for review:

I. The trial court erred in failing to vacate its order confirming the sale of the [p]roperty where [440] demonstrated meritorious reasons for granting the relief and the motion was filed within 14 days of the order.

## II. Law and Analysis

**{¶ 17}** In its sole assignment of error, 440 argues that the trial court erred in denying 440's motion to vacate the trial court's judgment confirming the sale of the property and for a stay of any further confirmation to the sale. As noted above, 440 appeared to request relief pursuant to Civ.R. 60(B).

**{¶ 18}** Civ.R. 60(B), governing "relief from judgment or order," provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B) further provides that motions for relief from judgment "shall be made within a reasonable time * * *."

**{¶ 19}** In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate (1) a meritorious defense or claim to present if relief is granted, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (B)(5), and (3) the timeliness of the motion. *GTE Automatic Elec., Inc., v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). These

three requirements are independent and written in the conjunctive. *LOK Home v. Robbins Co.*, 8th Dist. Cuyahoga No. 110544, 2022-Ohio-304, ¶ 17. Accordingly, all three must be clearly established in order to be entitled to relief. *Id.*, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶ 20} This court reviews a trial court's judgment denying a motion for relief from judgment for an abuse of discretion. *Rose Chevrolet* at *id.* "A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 19. An abuse of discretion may be found, for instance, when a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.). When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. *Vannucci v. Schneider*, 2018-Ohio-1294, 110 N.E.3d 716, ¶ 22 (8th Dist.).

{¶ 21} In the instant matter, regarding the third *GTE* prong, the record reflects that 440's motion to vacate was timely filed. 440 arguably sought relief under Civ.R. 60(B)(1). Where a moving party seeks relief under Civ.R. 60(B)(1), (2), or (3), the motion for relief from judgment must be filed not more than one year after the judgment was entered. *See S. Park Manor Condominiums Unit Owners' Assn. v. Clarendon Group, Inc.*, 8th Dist. Cuyahoga No. 105672, 2017-Ohio-8491, ¶ 7, citing *GTE* at paragraph two of the syllabus. The trial court's judgment

confirming the sale of the property was issued on June 29, 2021, and 440 moved to vacate the trial court's confirmation order two weeks later on July 13, 2021.

{¶ 22} Regarding the first *GTE* prong, 440 did not explicitly argue in its motion to vacate, much less demonstrate, that it had a meritorious defense or claim to present if relief was granted. In its appellate brief, 440 asserts that the motion to vacate "offered a meritorious defense to the [foreclosure] claim based on the coronavirus." Appellant's brief at 5. It is unclear how the COVID-19 pandemic would operate as a meritorious defense to the county's foreclosure action for purposes of satisfying the first *GTE* prong.

{¶ 23} The trial court issued a decree of foreclosure in October 2019, approximately five months before the declaration of the pandemic in March 2020. 440 does not explain how the state or federal eviction moratoriums would apply to a decree of foreclosure that occurred prior to the enactment of the policies. *See HSBC Bank USA v. Rao*, 10th Dist. Franklin No. 20AP-448, 2021-Ohio-3745, ¶ 21.

{¶ 24} 440 did not allege any defects or irregularities with respect to the foreclosure proceedings or the sale of the property. For instance, 440 did not argue that the county lacked standing to prosecute the foreclosure action, that the county failed to comply with R.C. Chapter 2329, governing judicial foreclosure proceedings, or that the county failed to comply with R.C. Chapter 5721, governing foreclosure proceedings due to tax delinquency.

{¶ 25} 440 was delinquent on its taxes between September 2018, when the county filed its foreclosure complaint, and July 2021, when the trial court confirmed

the sale of the property to Emmet. 440 made no payments during this time. Furthermore, the documentary evidence submitted by Emmet demonstrates that 440 failed to make any tax payments in 2016, 2017, 2018, 2019, 2020, or 2021.

{¶ 26} Based on 440's failure to allege sufficient operative facts in its motion to vacate that would provide 440 with a meritorious defense to the foreclosure action, we cannot conclude that the trial court abused its discretion in denying 440's motion to vacate.

{¶ 27} Regarding the second *GTE* prong, 440 did not specifically argue in its motion to vacate that it was entitled to relief under one or more of the grounds stated in Civ.R. 60(B)(1) through (5). 440 argued in the trial court that it would be fair and equitable to vacate the confirmation order based on the circumstances associated with the COVID-19 pandemic. Specifically, 440 alleged that both the property's tenants' ability to pay rent, and 440's corresponding ability to pay taxes on the property, were drastically effected by the pandemic. Aside from the pandemic-related circumstances, 440 asserted in its motion to vacate that (1) the 20 percent interest charged on the outstanding taxes, and (2) the city of Cleveland Heights' water and sewer charges "greatly increased the amount owed" on the property.

{¶ 28} Based on 440's arguments, we presume that 440 was seeking relief based on excusable neglect under Civ.R. 60(B)(1), and the catchall provision under Civ.R. 60(B)(5). After reviewing the record, we find that 440 did not demonstrate that it was entitled to relief under Civ.R. 60(B)(1) or (5).

{¶ 29} First, regarding Civ.R. 60(B)(1), 440 appeared to argue that its failure to pay taxes on the property constituted excusable neglect based on the hardships associated with the pandemic. As noted above, 440 failed to make any tax payments in 2016, 2017, 2018, 2019, 2020, or 2021. Furthermore, the preliminary judicial report and delinquent land certificate attached to the county's complaint demonstrated that 440 was delinquent on property taxes as of 2018 — long before the pandemic.

{¶ 30} 440 also appeared to argue that its inability to secure funding to redeem its interest in the property until after the confirmation of the sale to Emmet constituted excusable neglect. 440 asserted in its motion to vacate that it had "been discussing potential loans with lenders to enable it to pay off all outstanding amounts owed." 440 stated in its supplement to the motion to vacate that it had "now obtained the necessary funding to redeem its interest in the property if the [trial court] grants its motion to vacate." 440 did not, however, explain the efforts that had been made to secure funding between the commencement of foreclosure proceedings in September 2018 and the confirmation of the sale to Emmet in June 2021.

{¶ 31} 440 argues, for the first time in its appellate brief, that the 20 percent interest and water and sewer charges "greatly increased the amount owed and hindered [440's] ability to obtain funding to satisfy the outstanding obligation." Appellant's brief at 2. 440 did not raise this argument in its motion to vacate, much less present any supporting evidence demonstrating that the interest charges or

water and sewer charges hindered its ability to obtain financing. It is well-established that a party cannot raise an argument for the first time on appeal. *See, e.g., Lycan v. Cleveland*, 2019-Ohio-3510, 142 N.E.3d 210, ¶ 32 (8th Dist.) ("arguments raised for the first time on appeal are generally barred and a reviewing court will not consider issues that the appellant failed to raise in the trial court").

{¶ 32} Based on the foregoing, we find that 440 failed to adequately establish that it was entitled to relief under Civ.R. 60(B)(1) based on excusable neglect.

{¶ 33} Second, the catchall provision under Civ.R. 60(B)(5) recognizes a trial court's inherent power of a court to relieve a party from the unjust operation of a judgment. *See Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 154, 518 N.E.2d 1208 (1988), citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983). "[T]he grounds for invoking Civ.R. 60(B)(5) must be substantial, and the provision is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B)." *In re I.L.J.*, 8th Dist. Cuyahoga No. 108251, 2019-Ohio-5241, ¶ 37, citing *Caruso-Ciresi* at paragraphs one and two of the syllabus.

{¶ 34} After reviewing the record, we find that 440 failed to demonstrate that it was entitled to relief under Civ.R. 60(B)(5). 440 failed to demonstrate that it was entitled to relief based on the specific provisions set forth under Civ.R. 60(B)(1)-(4). Based on the certification of delinquency in 2018, and 440's failure to pay taxes in 2016, 2017, 2018, and 2019 leading up to the pandemic, we cannot conclude that the pandemic constitutes substantial grounds based upon which 440 is entitled to relief. We emphasize that 440 failed to make any tax payments in 2016, 2017, 2018, 2019,

2020, or 2021. There is also no evidence that 440 attempted to negotiate a payment plan with the county for the outstanding and delinquent tax debt.

{¶ 35} Based on the foregoing, we find that 440 failed to adequately establish that it was entitled to relief under the catchall provision of Civ.R. 60(B)(5).

{¶ 36} Finally, 440 argues that the trial court's denial of the motion to vacate without holding a hearing constitutes "clear error." The record reflects that 440 did not request a hearing in its motion to vacate or supplement thereto.

{¶ 37} Where a party sets forth sufficient operative facts demonstrating the party has a valid claim or defense to a judgment, the trial court must hold a hearing. *Morana v. Foley*, 2015-Ohio-5254, 54 N.E.3d 749, ¶ 22 (8th Dist.). However, on the other hand, "when a motion for relief from judgment lacks allegations of operative facts justifying relief from judgment, an evidentiary hearing is not required." *Blatt v. Meridia Health Sys.*, 8th Dist. Cuyahoga No. 89074, 2008-Ohio-1818, ¶ 9, citing *Coleman v. Cleveland School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga Nos. 84274 and 84505, 2004-Ohio-5854, ¶ 79, and *Weiss, Inc. v. Pascal*, 8th Dist. Cuyahoga No. 82565, 2003-Ohio-5824.

{¶ 38} "'Where the movant's motion and accompanying materials fail to provide the operative facts to support relief under Civ.R. 60(B), the trial court may refuse to grant a hearing and summarily dismiss the motion for relief from judgment * * *.'" *Saponari v. Century Limousine Serv., Inc.*, 8th Dist. Cuyahoga No. 83018, 2003-Ohio-6501, ¶ 9, quoting *Bates & Springer, Inc. v. Stallworth*, 56 Ohio App.2d 223, 228, 382 N.E.2d 1179 (8th Dist.1978).

{¶ 39} In the instant matter, as noted above, 440's motion fails to allege sufficient operative facts justifying relief from the confirmation of the sale to Emmet. Accordingly, the trial court was not obligated to hold a hearing on 440's motion to vacate.

{¶ 40} For all of the foregoing reasons, we find no basis upon which to conclude that the trial court's judgment denying 440's motion to vacate the confirmation of the sale of the property to Emmet was unreasonable, arbitrary, or unconscionable. Accordingly, the trial court did not abuse its discretion in denying 440's motion to vacate without holding a hearing.

{¶ 41} 440's sole assignment of error is overruled.

{¶ 42} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR